UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

RECEIVED

MAR 3 1 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Jarvis Jackson

Plaintiff

v.

Tennessee Department of Human Services

Rutherford County Child Support Services

Murfreesboro Juvenile Court

John/Jane Does 1–10

Defendants

CIVIL RIGHTS COMPLAINT

(42 U.S.C. § 1983)

## I. INTRODUCTION

1. This action arises from violations of Plaintiff's constitutional rights stemming from wrongful child support enforcement actions, improper suspension of Plaintiff's driver's license, and administrative and judicial failures affecting Plaintiff's parental rights.

2. These actions resulted in Plaintiff being wrongfully subjected to arrest and incarceration in the State of Kentucky and ongoing interference with Plaintiff's relationship with his child.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the Constitution and laws of the United States.

4. Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of rights secured by the Constitution.

5. Venue is proper in this district because the events giving rise to this action occurred within Rutherford County, Tennessee.

Plaintiff

6. Plaintiff Jarvis Jackson is the father of a minor child and a party to a parenting plan entered in 2022.

Defendants

7. Defendant Tennessee Department of Human Services administers child support enforcement programs, including driver's license suspension mechanisms.

8. Defendant Rutherford County Child Support Services enforces child support orders affecting Plaintiff.

9. Defendant Murfreesboro Juvenile Court is responsible for adjudication of child support and custody matters affecting Plaintiff.

10. John and Jane Does 1–10 are unknown officials who participated in the enforcement actions at issue.

## IV. FACTUAL BACKGROUND

11. In 2022, a parenting plan was entered governing Plaintiff's relationship with his daughter.

12. Plaintiff has consistently attempted to exercise his parenting rights under this plan.

13. The child's mother relocated out of state without providing proper notice to Plaintiff or the court.

14. Despite repeated requests from Plaintiff, the court did not enforce the parenting plan through contempt proceedings.

15. During this period, enforcement actions were taken against Plaintiff through child support mechanisms.

16. These actions included the interception of approximately $6,000 from Plaintiff's federal tax refunds.

18. Plaintiff asserts that this suspension was wrongful and improperly maintained.

19. As a result of this suspension appearing in law enforcement databases, Plaintiff was stopped during a traffic encounter in Kentucky.

20. Plaintiff was arrested and incarcerated during this encounter.

21. Plaintiff suffered loss of liberty, financial damages, and emotional distress.

22. The State of Tennessee later removed the suspension, demonstrating that the enforcement action was improper or should not have remained in effect.

## V. JURISDICTIONAL CONFLICT

23. During a hearing on March 9, the magistrate presiding over the case stated that jurisdiction was no longer in Tennessee.

24. Plaintiff questioned this statement because he had not received any notice that jurisdiction had transferred to another state.

25. Plaintiff contacted courts in Alabama to confirm whether jurisdiction had been transferred.

26. Alabama officials informed Plaintiff that they had no record of the case in their system.

27. Plaintiff possesses documentation confirming that Alabama has no custody or child support case involving Plaintiff.

## VI. ADDITIONAL SAFETY CONCERNS

28. Following the March 9 hearing, the fiancé of the child's mother contacted Plaintiff.

30. The fiancé requested that the conversation be recorded, and Plaintiff recorded the conversation at his request.

31. These concerns further demonstrate the potential harm caused by failure to properly enforce the parenting plan.

## VII. CLAIMS FOR RELIEF

### COUNT I

### Violation of Due Process

32. Plaintiff possessed protected liberty and property interests, including his driver's license, freedom of movement, and his parental rights.

33. Defendants deprived Plaintiff of these interests without proper procedural protections, in violation of the Fourteenth Amendment to the United States Constitution.

### COUNT II

### Wrongful Enforcement and Administrative Misconduct

34. Defendants failed to properly administer child support enforcement procedures.

35. These failures resulted in wrongful license suspension and Plaintiff's subsequent arrest.

### COUNT III

### Interference with Parent-Child Relationship

36. Defendants' actions interfered with Plaintiff's ability to maintain a meaningful relationship with his child.

### VIII. DAMAGES

37. Plaintiff suffered damages including wrongful arrest and incarceration, financial losses, lost wages, emotional

# IX. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

A. Award compensatory damages;
B. Declare the enforcement actions unconstitutional;
C. Award costs and any other relief this Court deems just and proper.

# X. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# VERIFICATION

I, Jarvis Jackson, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed:

Jarvis Jackson  *Jarvis Jackson*

Date: _3-16-2026_

CASE # JS-13544
TCSES CASE # 0022457292

Attach the following as exhibits:

Exhibit A – Driver's license suspension notice

Exhibit B – Proof the suspension was later removed

Exhibit C – Kentucky arrest report

Exhibit D – Child support account records

Exhibit E – Any notices or communications about the suspension

Retail

U.S. POSTAGE PAID
FCM LG ENV
SIDNEY, OH 45365
MAR 16, 2026

37203

$2.17

RDC 99

S2322S500141-07

FROM:

Jarvis Jackson
725 N. Miami Ave
Sidney, OH 45365

TO:

U.S. District Court for Middle
District of TN, Fred D. Thompson
U.S. Courthouse Fedard Building
719 Church St. Suite 1300
Nashville, TN 37203

RECEIVED
MAR 31 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Utility Mailer
10 1/2" x 16"

Ready Post